[Cite as *State v. Dangerfield*, 2014-Ohio-1638.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-130301 |
| | | C-130305 |
| Plaintiff-Appellee, | : | TRIAL NO. B-110001 |
| vs. | : | *O P I N I O N.* |
| CHRISTOPHER DANGERFIELD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  April 18, 2014

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Scott M. Heenan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**SYLVIA S. HENDON, Judge.**

{¶1}   Defendant-appellant Christopher Dangerfield pled guilty to aggravated murder under R.C. 2903.01.  The trial court sentenced Dangerfield to life imprisonment, with parole eligibility after 25 years.

{¶2}   Dangerfield appeals his conviction.  He argues in his sole assignment of error that his trial counsel had been ineffective because counsel had failed to request a presentence investigation report.  For a defendant to succeed on a claim of ineffective assistance, he or she must demonstrate that counsel's performance was deficient, and that the defendant was prejudiced by this deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  Counsel will only be considered deficient if his or her performance fell below an objective standard of reasonableness.  *Id.* at 688.  And a defendant is only prejudiced if it is demonstrated that the outcome of the proceedings would have been different but for counsel's performance.  *Id.* at 694.  As we review the record, this court is highly deferential when judging counsel's actions, and we begin with the presumption that counsel's behavior fell within the range of reasonable professional assistance. *Id.* at 689.

{¶3}   With this standard in mind, we conclude that Dangerfield's counsel was not ineffective for failing to request a presentence investigation report.  This court generally refrains from second guessing counsel's trial strategy.  And in this case, the record is clear that counsel intentionally elected not to request a presentence investigation report.  When questioned by the trial court about the report, Dangerfield's counsel responded that "[w]e specifically did not request one."

Because Dangerfield can do no more than speculate that a presentence investigation report would have been favorable to him, we cannot conclude that Dangerfield was prejudiced by his counsel's failure to request the report. *See State v. Brown*, 4th Dist. Athens No. 09CA3, 2009-Ohio-5390, ¶ 48.

{¶4}   Dangerfield has not shown that his trial counsel was ineffective. The assignment of error is overruled, and the judgment of the trial court is affirmed.

Judgment affirmed.

**CUNNINGHAM, P.J.**, and **DEWINE, J.**, concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.